No. 2578

Second Circuit

NOEL v. HOWCOTT, ET AL.

(May 22, 1928.   Opinion and Decree.)

*(Syllabus by the Editor)*

1. **Louisiana Digest—Taxation—Par. 215, 277, 338.**

A tax sale of land on which the owner had previously paid the taxes is null and void in toto even though the deed conveyed more land than the taxpayer owned.

2. **Louisiana Digest—Taxation—Par. 220, 390.**

Taxes erroneously paid by another can be returned by the owner of the property without interest as Sec. 65 of Act 170 of 1898 has no application to this case.

Appeal from the Tenth Judicial District Court, Parish of Natchitoches.   Hon. John F. Stephens, Judge.

Action by R. E. Noel against H. A. W. Howcott, et al.

There was judgment for plaintiff and defendants appealed.

Judgment affirmed.

Breazeale and Breazeale, of Natchitoches, attorneys for plaintiff, appellee.

Rusca and Cunningham, of Natchitoches, attorneys for defendants, appellants.

ODOM, J.   Plaintiff is the owner of an undivided one-fifth interest in N½ of SE¼ and SE¼ of SE¼ of Section 27, SW¼

of Section 34, and lots 3, 4, 5, 6 and 7 of Section 33, Township 11 North Range 6 West, containing 465 acres, more or less, situated in Natchitoches parish, Louisiana.

On August 28, 1922, the tax collector of that parish, after due advertisement, sold plaintiff's interest in said property to these defendants, the deed reciting that the sale was made for the due and unpaid taxes of R. E. Noel for the year 1921, the property having been assessed in the name of R. E. Noel.

Plaintiff, by this suit, seeks to have said tax deed decreed null and void and cancelled from the records, on the ground that he had previously paid the taxes for 1921.

There was judgment for plaintiff as prayed for, and defendants appealed.

## OPINION

Plaintiff paid all parish and state taxes due on this land for the year 1921, the payment having been made on May 9, 1922, as evidenced by the tax collector's receipt filed in evidence.

The taxes for which the property was sold having been previously paid by the owner, the tax sale was a nullity, and the deed executed by the tax collector to these defendants should be cancelled and erased from the records.

Plaintiff owned an undivided one-fifth interest in the land, amounting to 90.53 acres. The land was assessed to him as

"90.53 acres, being a 3/5 interest in the following lands."

(Then follows the description.)

The land sold, as described in the tax deed, is as follows:

"53 acres, being 3/5 interest in N½ of SE¼ and SE¼ of SE¼ Sec. 27, SW¼ of Sec. 34, and lots 3, 4, 5, 6, and 7, Sec. 33."

Counsel for defendants say that if the deed be cancelled it should be cancelled only as to Noel's one-fifth interest in the land, for that is all he owned, and that he has no interest in having the deed cancelled insofar as it conveys an interest in the land in excess of the one-fifth owned by him.

The answer to that argument is that the deed conveyed no interest in the land except that owned by Noel. The land was sold as his property for taxes alleged to be due by him under an assessment to him. The sale affects Noel and no one else, and he has a right to have it cancelled.

The fact that the assessor and the tax collector made errors in the assessment and in the deed as to Noel's interest in the land, is a matter of no moment so far as the issue involved in this case is concerned.

Noel paid the taxes due on his land for 1922 and 1923, and when he called at the tax collector's office in 1925 to pay his taxes for 1924 he was informed by the tax collector that the same, amounting to $14.57, had been paid by defendant.

It was then that plaintiff found out that his property had been sold. He at once wrote to defendants offering to refund the amount paid by them, which they refused.

When this suit was filed, plaintiff deposited $14.43 (instead of $14.57) with the clerk of the District Court.

Defendants contend that he should have added interest, and that the tender should have been made to the tax collector and not to the clerk, as provided in section 65 of Act No. 170 of 1898.

That section of the statute has reference to a repayment of the taxes for which the property was sold. The amount which plaintiff offered to return and which he de-

posited with his suit, is not the amount of taxes for which the property was sold, but an amount for the taxes of 1924.

The admitted tender by plaintiff was 14 cents less than the amount due, but we shall not amend the judgment.

The judgment appealed from is correct, and is accordingly affirmed with costs in both courts.